# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ENRIQUE NUÑEZ, III, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0859 |
| | : | |
| PRIME CARE HEALTH, INC. | : | |
|     Defendant. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                    **MARCH 26, 2019**

Plaintiff Jose Enrique Nuñez, III, a prisoner at the Berks County Jail, filed this civil action *pro se* against Prime Care Health Inc., the medical provider at the facility. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Nuñez leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.      FACTS**

Nuñez alleges that, on several occasions while he was incarcerated at the Berks County Jail, he was placed in the Emergency Restraint Chair because of "suicidal thoughts and rage." (Compl. at 7.)[1] Nuñez also claims that he was forcibly medicated without his consent, apparently during some or all of the times when he was placed in the chair. He alleges that he is "nor receiving the proper treatment which [he] should be given because of the American[s] with Disabilities Act" and that the jail is failing to meet his mental health needs. (*Id.*) Nuñez also alleges that he had been designated "D Code," which allowed him to participate in groups, but that Sandy Swarty, a psychologist and supervisor in the Mental Health Department, changed his designation to "C-Code" after he received a misconduct "during group." (*Id.*)

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

Nuñez claims to suffer from hearing loss, paranoia, and trauma as a result of having been injected without his consent. He seeks damages to compensate him for those injuries in the amount of $250,000.

## II.    STANDARD OF REVIEW

The Court grants Nuñez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] As Nuñez is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Nuñez is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The Court construes Nuñez's Complaint as raising claims under 42 U.S.C. § 1983 for violation of his constitutional rights.[3] "To state a claim under § 1983, a plaintiff must allege the

---

[2] However, as Nuñez is incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[3] Although Nuñez's Complaint refers to the Americans with Disabilities Act (ADA), the decisions about a prisoner's medical treatment generally do not give rise to a claim under the ADA. *See, e.g., Iseley v. Beard,* 200 F. App'x 137, 142 (3d Cir. 2006) (per curiam) (prisoner failed to allege ADA violation where he alleged "that he was denied medical treatment for his disabilities, which is not encompassed by the ADA's prohibitions"); *Fitzgerald v. Corr. Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir. 2005) ("[P]urely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act."); *Burger v. Bloomberg,* 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) (medical treatment decisions are not a basis for ADA claims); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) (holding that "the [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."). If Nuñez is asserting some other basis for an ADA claim, it is not sufficiently pled in the Complaint. His allegations do not plausibly allege that, due to a disability, he was "excluded

2

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). An entity that contracts with a municipality such as Prime Care is only liable under § 1983 if a policy or custom of that entity caused the constitutional violation in question. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 94 (3d Cir. 2016) (per curiam) ("[W]ith respect to the claims against PrimeCare Medical, Inc., a private vendor that provided medical services to inmates, we agree that Gannaway failed to identify an established policy or custom that resulted in the alleged constitutional violations at issue" which was fatal to his claim). A plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

Here, Nuñez has not clearly identified any policy or custom of Prime Care that caused him to be deprived of proper mental health care, that led to him being forcibly medicated, or that caused any of the conditions raised in the Complaint.[4] His allegation that he was placed in the restraint

---

from participation in or . . . denied the benefits of the services, programs, or activities" at Berks County Jail for which he was qualified. 42 U.S.C. § 12132. Rather, it appears that he was prevented from participating in an unspecified "group" because he misbehaved.

[4] To state a § 1983 claim based on failures in medical treatment, a plaintiff must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The Complaint indicates that Nuñez was at times a pretrial detainee and at times a convicted and sentenced inmate during the events giving rise to his claims, which affects whether he brings his claims under the Eighth or Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (explaining that the Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees). However, the standard is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam). Nuñez's claims that he was medicated without consent are governed by the Due Process Clause.

3

chair "on several occassions [sic]" does not plausibly establish a custom that would give rise to a claim against Prime Care. (Compl. at 7.) Accordingly, he has not stated a claim against Prime Care.

On the second page of his Complaint, Nuñez indicated that he also sought to sue "BCJS Medical Staff employed by PrimeCare Medical Inc." even though he only named PrimeCare in the caption of the Complaint in accordance with Federal Rule of Civil Procedure 10(a). Even treating "BCJS Medical Staff employed by PrimeCare Medical Inc." as Defendants, it is not proper for Nuñez to sue the entire medical staff unless each and every staff member was personally involved in violating his rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*"). In other words, it is insufficient to pin liability on every staff member unless they all played a personal role in violating his rights. Instead, Nuñez must limit his claims to those individuals and entities who played a role—whether through acts or inaction—in violating his rights. His allegations against "BCJS Medical Staff employed by PrimeCare Medical Inc." are simply insufficient to state a claim without any reference to which specific individual engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Nuñez leave to proceed *in forma pauperis* and dismiss Nuñez's Complaint because he failed to state a claim against the named Defendant.

---

*See White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990) ("[P]risoners, like involuntarily committed mental patients, retain a limited right to refuse treatment and a related right to be informed of the proposed treatment and viable alternatives.").

However, the Court will allow Nuñez to file an amended complaint in the event he can state a plausible claim against Prime Care or another appropriate defendant. An Order follows.

**BY THE COURT:**

/s/ Gerald Austin McHugh
_____
**United States District Judge**